UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MICHAEL WARREN SMITH           )
and JOSHUA DALE WARNER,        )
                               )
    Plaintiffs,                )
                               )
    v.                         )    17-CV-4065
                               )
GREGG SCOTT and                )
ERIC KUNKLE,                   )
                               )
                               )
    Defendants.                )
                               )

**MERIT REVIEW OPINION**

Plaintiffs, proceeding pro se and detained in the Rushville Treatment and Detention Center, seek leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiffs are both detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. They were allowed to marry each other in a ceremony conducted at the facility on February 17, 2017. However, pursuant to a policy instituted by Defendants, they have not been allowed to possess their wedding photos. Residents are not allowed to possess pictures of other residents, even if the residents are married to each other. In contrast, residents who are married to spouses who are not detained in the facility may possess wedding photos.

These allegations state plausible First Amendment free speech and Fourteenth Amendment equal protection claims. The case will proceed for service per the standard procedures.

**IT IS ORDERED:**

1. Plaintiffs' petition to proceed in forma pauperis are granted (3, 4). Pursuant to a review of the Complaint, the Court finds that Plaintiffs state First Amendment free speech and Fourteenth Amendment equal protection claims. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiffs are advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiffs need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiffs may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate

under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    6.   Once counsel has appeared for a Defendant, Plaintiffs need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiffs' document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiffs will be notified and instructed accordingly.

    7.   Counsel for Defendants is hereby granted leave to depose Plaintiffs at their place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    8.   Plaintiffs shall immediately notify the Court, in writing, of any change in their mailing addresses and telephone numbers. Plaintiffs' failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    9.   If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will

take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.  **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11.  **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:  April 4, 2017

FOR THE COURT:

                              **s/Sue E. Myerscough**
                               SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE