IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL SMITH and JOSHUA TURNER, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | 17-CV-4065 |
| GREG SCOTT and ERIC KUNKLE, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiffs are detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act.  They married each other in a ceremony conducted at the facility on February 17, 2017.  However, they were not allowed to possess some of their wedding photos because of a rule prohibiting residents from possessing pictures of other residents.  This lawsuit followed.

The Court held a bench trial on March 15, 2022 on Plaintiffs' requests for injunctive and declaratory relief.[1] For the reasons below, the Court finds in favor of Plaintiffs on their First Amendment claims and orders that Plaintiffs be allowed to possess their wedding photos.

## Analysis

The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

Plaintiffs received prior approval by the facility to take pictures at their wedding, and the pictures were taken by a staff member. However, Plaintiffs were not allowed to possess their wedding photos with both of them in the photo because of a policy prohibiting residents from possessing pictures of other residents. A family member has been keeping the photos, copies of which are attached to Plaintiffs' supplemental brief. [d/e 98.] Plaintiffs were allowed to keep wedding photos with family members in the photo, so long as both spouses were not in the picture.

---

[1] Plaintiffs no longer seek damages.

In the Fall of 2021, Rushville changed its policy to allow residents to have photos of each other, with certain restrictions. One of those restrictions prohibits any physical contact between residents in the photo. [Defs.' Ex. 7.] Since the policy change, Plaintiffs now possess photos of each other but still do not possess the wedding photos at issue. Plaintiff Smith has specifically asked for his wedding photos twice since the policy change and either got no response or was told that he could still not have the photos because he and his spouse were touching each other. Plaintiff Warner also asked for the wedding photos and got no response. The specifics of when, whom, and how Plaintiffs asked for their wedding photos is not in the record.

Defendant Scott, the former director of Rushville, testified that the security reason for the ban was that false identification cards could be created using another resident's photo. A false identification card could be used to allow a resident to gain access to areas unauthorized for that resident or to obtain another resident's medication. Defendant Kunkel, Rushville's former security director, agreed with Defendant Scott and noted concerns about residents sending pictures of other residents to someone

outside the facility to use for nefarious purposes. Defendant Kunkel is aware of instances where residents have falsified documents, including a writ of habeas corpus.

Dr. Mark Carich, Plaintiff's expert, testified that the 2017 policy was obsolete at the time it was in place. According to Dr. Carich, around the year 2009, professional norms for treating sexually violent persons began rapidly changing toward a more holistic and positive approach emphasizing positive social connections, of which marriage is one. Dr. Carich testified persuasively that Plaintiffs' possession of their wedding photos was important to their rehabilitation. Plaintiff Smith echoed this sentiment, testifying that his marriage was the happiest day of his life and that he is more motivated now to succeed at rehabilitation. The Court finds that allowing Plaintiffs to possess all of their wedding photos will have a positive impact on Plaintiffs' rehabilitation.

The First Amendment inquiry is whether the restriction is rationally related to the State's legitimate interests in security or rehabilitation. Brown v. Phillips, 801 F.3d 849, 854 (7th Cir. 2015). The Turner questions apply: Is the connection between the

restriction and government interest rational? Is the restriction an exaggerated response? Do alternative means of exercising the right exist? Will accommodation of the right detrimentally affect other detainees and staff? *See* Turner v. Safley, 482 U.S. 78, 89 (1987).

The Court finds that the ban on possessing photos of other residents is not rationally connected to Defendants' concern about false identification cards. At the bench trial, the Court examined Rushville's standard identification card, which appears very difficult to alter, especially in light of the fact that residents do not have access to the tools and technology to do so. The witnesses could not recall any time that a resident had actually made a false identification card. *Cf.* Wahl v. Jumper, 2022 WL 2383862 (7th Cir. 2020)(not published in F.4th)(upholding ban on internet access at Rushville upheld where director testified to actual past breaches of security with wireless communications). Gaining access to unauthorized areas or medication with a false identification card would be difficult since the user's face would not match the face on the card. The concerns about residents mailing photos of other residents to outside parties are also not supported. Photos of residents are already available to the public on the Illinois Secretary

of State's website listing sex offenders. Further, Plaintiffs are not just random residents—they were married to each other, and staff approved of and took the pictures. The concern that Plaintiffs might use the photos for nefarious purposes is speculation. In sum, the logic connecting the ban to the security concern is "so remote as to render the policy arbitrary or irrational." Turner, 482 U.S. at 89-90. That alone is sufficient to invalidate the ban, but the other Turner factors also weigh in Plaintiff's favor. The response to the concern is exaggerated; Plaintiffs have no alternate means of seeing their wedding photos; and allowing Plaintiffs to have the photos will have no detrimental effect on other residents or staff.

Defendants argue that Plaintiffs' claims for injunctive and declaratory relief are moot because the policy has changed. However, Defendants do not stipulate that Plaintiffs may have their photos, and Plaintiffs still do not have their photos. Both Plaintiffs testified that they asked for their wedding photos after the policy changed and were either denied or received no response. Plaintiffs were also told that they could not have some pictures because they were touching each other in the pictures (holding hands). Regardless of which policy is in effect, Plaintiffs still cannot have

their photos for no legitimate security or rehabilitation reason. Plaintiffs' requests for injunctive and declaratory relief are, therefore, still live.

**IT IS ORDERED:**

**(1) The Court finds in favor of Plaintiffs and against Defendants on Plaintiffs' First Amendment claims. Plaintiffs are entitled under the First Amendment to possess the pictures filed at docket entry 98.**

**(2) Greg Donathan, the current Director of Rushville Treatment and Detention Center, is substituted in his official capacity for Defendant Scott for purposes of injunctive relief. Fed. R. Civ. P. 25(d). The clerk is directed to add Greg Donathan as a Defendant in official capacity.**

**(3) Defendant Donathan is directed to permit Plaintiffs to possess the wedding photos filed as an attachment to Plaintiffs' supplemental brief. [98]**

**(4) The clerk is directed to enter judgment and close this case.**

ENTERED: 7/8/2022

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
U.S. DISTRICT JUDGE